17 Cal.Rptr.3d 514 (2004)
121 Cal.App.4th 878
ESTATE OF Edward U. REGLI, deceased.
Michael Muessig, Plaintiff and Respondent,
v.
Julia R. Muessig, Objector and Appellant.
Nos. A104772 & 105254.
Court of Appeal, First District, Division Two.
August 17, 2004.
Alan Goldberg, Law Offices of Alan Goldberg, Beverly Hills, Attorney for Objector and Appellant.
*515 Victor T. Schaub, Law Offices of Victor T. Schaub, Arcata, Attorney for Plaintiff and Respondent.
HAERLE, J.

I. INTRODUCTION
Appellant, Julia Muessig, and respondent, Michael Muessig, are the Estate of Regli's only remaining potential beneficiaries. They have filed a motion seeking a "stipulated partial reversal" of several probate court orders. Because this request does not meet either the statutory guidelines set out in Code of Civil Procedure, section 128, subdivision (a)(8),[1] or rule 8 of this court's local rules, the motion is denied.

II. FACTUAL AND PROCEDURAL BACKGROUND
On October 29, 2003, the probate court issued an order settling the final account of David Hitchcock, the estate's administrator, and ordered the estate's final distribution. At the same time, the court also rejected objections filed by appellant and respondent, both of whom contended that there were discrepancies in various accountings filed by Hitchcock. In two separate orders, the court ruled that these objections were time-barred, because appellant and respondent had both received notice of the matters to which they were now objecting. These orders are the subject of the appeals in A104772 and A105254.

III. DISCUSSION
David Hitchcock, whose activities both appellant and respondent unsuccessfully challenged below, was removed as the estate's administrator on March 18, 2004. Respondent became the estate's administrator. Respondent and appellant, as we have earlier noted, are the estate's remaining two beneficiaries. Respondent and appellant now seek this court's approval of a stipulated reversal of those portions of the trial court's orders finding that their earlier objections to Hitchcock's accountings were untimely and approving the final reports of the administrator and ordering the administration of the estate concluded. We decline to do so.
Section 128, subdivision (a)(8), provides that an appellate court may accept and confirm the stipulated reversal or vacation of a judgment only if it finds that "(A) There is no reasonable probability that the interests of nonparties or the public will be adversely affected by the reversal. [¶] (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." Additionally, this court's local rules provide that the parties seeking the stipulated reversal must file with their motion a joint declaration that "(1) describes the parties and the factual and legal issues presented at trial; (2) indicates whether the judgment involves important public rights or unfair, illegal or corrupt practices, or torts affecting a significant number of persons, or otherwise affects the public or a significant number of persons not parties to the litigation (if the judgment is against a state licensee, the declaration must also disclose whether it exposes such person to any possible disciplinary proceeding); and (3) discloses whether the judgment sought to be reversed may have collateral estoppel *516 or other effects in potential future litigation and, if so, whether any third parties who might be prejudiced by stipulated reversal of the judgment have received notice of the motion therefor." (Ct.App., First Dist., Local Rules, rule 8 (Local Rule 8).)
The motion before us does not satisfy these requirements. First, the approval of this motion would adversely affect David Hitchcock, the former administrator of the estate, who is a nonparty.[2] The probate court's approval of the final accounting, should it survive these appeals, is "conclusive as to [the administrator's] veracity and [his] exercise of due care." (Lazzarone v. Bank of America (1986) 181 Cal. App.3d 581, 592, 226 Cal.Rptr. 855; see also Prob.Code, § 11605.) Were we to grant the motion, the probate court's implicit finding that Hitchcock acted with due care would be open to challenge and Hitchcock would be exposed to potential litigation concerning his administration of the estate. Because Hitchcock would be adversely affected by the proposed stipulated reversal, the motion cannot be granted. (§ 128, subd. (a)(8).).
The moving parties acknowledge this possibility. Their response is: "[N]either the general public nor any non-parties to these consolidated appeals could be adversely affected  with the exception of anyone found to have wrongly taken or lost estate assets, who have no right, of course, to be shielded from the legal consequences of such conduct." This response misses the point. The administrator does have an interest in the finality of the estate, not in order to shield himself from the consequences of any wrongdoing, but in order to protect himself from having to defend his actions beyond a reasonable point in time  namely, after the court's approval of the final accounting.
Further, the proposed stipulated reversal did not come about as part of the settlement of any dispute between appellant and respondent. In fact, appellant and respondent have identical interests: they wish to pursue a claim against the estate's former administrator, a claim the probate court concluded was barred because appellant and respondent did not make their objections known in time. Nor is there any other interest advanced in granting the motion that would outweigh the erosion of public trust inherent in stipulated reversals. The fact that the stipulated partial reversal does not actually settle a dispute but, instead, stirs one up, supports denial of the motion. In the very few published cases in which a motion for a stipulated reversal has been granted, there was no negative impact on a nonparty and settlement saved resources and advanced important interests. (See In re Rashad H. (2000) 78 Cal.App.4th 376, 92 Cal.Rptr.2d 723 [reversal granted in order to speed up pace of dependency proceeding]; Union Bank of California v. Braille Inst. of America, Inc. (2001) 92 Cal. App.4th 1324, 112 Cal.Rptr.2d 604 [two charities sought reversal in order to settle dispute about appointment of co trustees].) This is not the case here.[3]

*517 IV. DISPOSITION
The motion is denied.
We concur: KLINE, P.J., and RUVOLO, J.
NOTES
[1] All further statutory references are to the Code of Civil Procedure, unless otherwise noted.
[2] The moving parties were required under this court's Local Rule 8 to give Hitchcock notice of this motion. Their failure to do so is a ground for denial of this motion.
[3] We note that the probate court, in its order appointing respondent as special administrator of the estate (for the purpose of representing the estate in appealing the order approving the final accounting) stated that respondent is "prohibited from opposing the two appeals now pending in this estate. . . . ." The court went on to state that it is in the beneficiary's best interests that the appeals be successful. The moving parties attempt to argue that the court's description of the appeal represents a kind of blessing of a stipulated partial reversal. In reality, the probate court seems to have been simply describing the purpose for which it was appointing respondent. In any event, this language has no bearing on this court's determination of whether the motion meets the statutory requirements set out in section 128, subdivision (a)(8).